BOLIN, Judge.
Plaintiff alleges he was accidentally injured during his employment as a mechanic for Campbell Construction Company, Inc. He sued his employer and its liability insurer for benefits under the Louisiana Workmen’s Compensation Act. From judgment rejecting his demands plaintiff appeals.
The basis of the suit is an automobile accident in which Sholars was involved on October 18,1965, near Wisner, Louisiana, while he was en route from Shreveport to Ferriday. Appellant alleges that at the time of the accident he was performing duties connected with his employment. Appellees admit occurrence of the accident at the time and place alleged but deny appellant was in the course and scope of his employment. They further contest the extent of his disabilities.
Directing our attention first to whether the injuries were received within the course *685 and scope of plaintiff’s employment we note the following language from Louisiana Revised Statutes 23:1031:
“If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.”
******
Appellant had been working for Campbell Construction Company, Inc., approximately five weeks prior to the accident. He was employed as a heavy duty mechanic principally in the area near the job site at Ferriday, Louisiana. Although Sholars was a resident of Bossier City, Louisiana, the evidence shows he maintained a room near the job location at Ferriday. Appellant was employed on an hourly basis and was paid only for the time he actually worked. There was no agreement by his employer to provide him transportation to and from his home at Bossier City or from the place where he roomed in Ferriday to his place of employment. The record is void of evidence to show he was ever reimbursed for travel expenses in getting to and from his work.
Although plaintiff contends to the contrary we are convinced from the record that Sholars had been informed on the day preceding the accident that he would be allowed to be off from work for the purpose of going to Shreveport on a purely personal mission. Plaintiff testified that on the morning of the accident he had telephoned an official of the construction company from Ferriday about a loan; that in this conversation the official requested him to come to the office in Shreveport for the purpose not only of discussing the loan but also to talk about the condition of some equipment on the job at Ferriday. This testimony is contradicted by that of witnesses for appellees.
Sholars was driving his personal pickup truck at the time of the accident. Although plaintiff had been paid for his time on at least one prior occasion when he used his private truck for company purposes, this practice had been discontinued long before the accident and witnesses for the defendant company uniformly testified plaintiff had been specifically instructed never to use his personal vehicle for company business.
Appellant concedes he was on a partially personal errand in returning from Shreveport to Ferriday, but he contends he had picked up some bearings from a car of one of the officials of the defendant company and was transporting them to the job site at Ferriday when the accident occurred. It is uncontradicted that some bearing were in Sholars’ pickup after the accident but we conclude from the evidence these bearings had been in his truck for several days and were not picked up on the day in question.
In determining whether an accident arose out of and during the course of his employment it is necessary to consider whether the employee was engaged in his employer’s business at the moment of his injuries and not merely pursuing his own business or pleasure; and whether the employer’s business reasonably necessitated the presence of the employee at the place and time the accident occurred. On the crucial issue of whether Sholars was engaged in his employer’s business during his return trip from Shreveport we find the evidence irreconcilable and we are unable to discern error on the part of the lower court in rejecting plaintiff’s demands. The burden is upon plaintiff to prove his case by a preponderance of the evidence and this he has failed to do.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.